**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13560

Non-Argument Calendar

_____

THOMAS PEPE,

*Plaintiff-Appellant,*

*versus*

SAUL B. VILLALOBOS,

KHALEEB HOOVER,

STEVEN PEPE,

LUKE LAJGI,

CHRISTOPHER DECOSTA, et al.,

*Defendants-Appellees.*

_____

Appeal from the United States District Court

for the Middle District of Florida

D.C. Docket No. 2:25-cv-00564-JLB-DNF

_____

Before JORDAN, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Thomas Pepe appeals the district court's dismissal of his amended civil complaint as an impermissible shotgun pleading. He argues on appeal that the dismissal violated due process because he "was not afforded an opportunity to respond, amend, or clarify his claims." He also argues for the first time on appeal that Magistrate Judge Dudek ("Judge Dudek") should have recused himself because he was named in recusal motions in other related federal cases filed by Pepe.[1]

## I.    Background

In 2025, Pepe filed a *pro se* civil complaint against seven defendants asserting "civil RICO violations, fraud, elder abuse, civil rights violations, and intentional infliction of emotional distress" stemming from "a real estate transaction involving . . . estate property." The complaint contained vague and conclusory assertions and did not set forth separate counts or causes of action or connect any of the alleged violations with specific defendants. As relief, Pepe sought $75 million in compensatory damages and $125 million in punitive damages.

---

[1] Relatedly, Pepe has filed a motion in this Court seeking to recuse Judge Dudek from further proceedings in this case. We deny this motion as moot because the district court docket reflects that the matter was already reassigned to a different magistrate judge prior to entry of the district court's order, and Judge Dudek is no longer involved in the case.

25-13560                Opinion of the Court                3

Judge Dudek *sua sponte* dismissed the complaint, pursuant to the screening requirements of 28 U.S.C. § 1915(e),[2] as an impermissible shotgun pleading and for failure to state a claim. The magistrate judge explained the deficiencies and what Pepe needed to do to cure them, and he permitted Pepe to file an amended complaint.

Pepe then filed an amended complaint. Upon review, Judge Dudek issued a report and recommendation ("R&R") recommending that the amended complaint be dismissed with prejudice because the complaint was still an impermissible shotgun pleading and failed to state a claim.[3] The district court adopted the R&R over Pepe's objections and dismissed the case with prejudice. This appeal followed.

---

[2] Section 1915(e)(2)(B) imposes screening requirements in proceedings where, as here, the plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The statute directs the district court to dismiss the case if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune to suit. *Id.*

[3] The case was reassigned to a different magistrate judge after Judge Dudek issued the R&R.

## II.    Discussion

### A.  Dismissal of the amended complaint

Pepe argues that the dismissal of his amended complaint violated due process because he "was not afforded an opportunity to respond, amend, or clarify his claims."[4]

Where a *pro se* party files a shotgun pleading or a pleading that fails to state a claim, the district court should dismiss the complaint, explain the deficiencies, and provide the opportunity for the plaintiff to amend. *See Jackson v. Bank of Am.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) (explaining that, when faced with a shotgun pleading, "the district court should strike the pleading and instruct [the party] to replead the case" (quotations omitted)); *Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018) (explaining that generally, where a more carefully

---

[4] Pepe's argument focuses solely on his alleged inability to respond or amend the complaint prior to the dismissal.  He makes no argument nor does he cite any authority concerning the district court's conclusion that the amended complaint was an impermissible shotgun pleading and otherwise failed to state a claim.  Accordingly, we conclude that he has abandoned any challenge to these determinations, and we limit our review to Pepe's claim that the district court abused its discretion in dismissing the amended complaint without giving him an opportunity to respond or further amend.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned."); *see also Campbell v. Air Jam., Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (explaining that, although we liberally construe *pro se* pleadings, the Court will not "serve as *de facto* counsel for a party" or "rewrite an otherwise deficient pleading in order to sustain an action" (quotations omitted)).

drafted complaint might state a claim, the district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend before the court dismisses with prejudice). We review the district court's dismissal of a complaint on shotgun pleading grounds for abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018).

Here, the magistrate judge afforded Pepe one opportunity to amend his complaint as required. Once Pepe filed his amended complaint, nothing compelled the district court to offer Pepe additional opportunities to further amend his complaint prior to dismissal. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358–59 (11th Cir. 2018) (explaining that where the plaintiff is provided "fair notice of the defects [in his complaint] and a meaningful chance to fix" it but fails to correct the defects, the district court does not abuse its discretion by subsequently dismissing with prejudice on shotgun pleading grounds). Accordingly, the district court did not abuse its discretion in dismissing the amended complaint without giving Pepe an additional opportunity to respond or amend.

### B. Recusal of Judge Dudek

Pepe argues for the first time on appeal that Judge Dudek should have recused himself under 28 U.S.C. § 455(a)[5] because he

---

[5] Two statutes govern the recusal of a federal judge. *See* 28 U.S.C. §§ 144, 455. Section 144 requires a party seeking recusal to file a timely and technically correct affidavit and motion alleging the judge before whom the matter is pending is personally biased or prejudiced against him. *See* 28 U.S.C. § 144. Because Pepe did not file an affidavit or motion below, § 144 is inapplicable.

was the subject of recusal motions in Pepe's other related federal cases, which created an "[a]ppearance of bias."[6]

Because Pepe did not file a motion to recuse Judge Dudek in the district court proceedings, we review Judge Dudek's decision not to *sua sponte* recuse himself for plain error only. *Hamm v. Members of Bd. of Regents of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983).

Section 455 sets forth a general rule that a judge shall "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," and lists several specific situations in which a judge must recuse. *See* 28 U.S.C. § 455(a)–(b). The question for purposes of § 455(a) "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality, and any doubts must be resolved in favor of recusal." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003) (internal citations and quotations omitted).

Simply being the subject of a recusal motion in Pepe's other federal cases would not cause an objective, disinterested lay observer to question Judge Dudek's impartiality in the instant case. *See id.* Furthermore, there is nothing in the record that indicates any impartiality, bias, or prejudice on the part of Judge Dudek.[7]

---

[6] According to Pepe he has "filed eight federal cases between June and August 2025."

[7] To the extent that Pepe argues that there was a pattern of bias and procedural violations because Judge Dudek presided over some of his other federal cases

25-13560              Opinion of the Court                    7

Accordingly, Judge Dudek did not plainly err in failing to *sua sponte* recuse himself in this case.

    **AFFIRMED.**

---

and dismissed those actions as well, his argument is unpersuasive. Simply ruling against Pepe in other cases is not evidence of bias or prejudice. *See McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) (explaining that "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion."); *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current . . . [or] prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.").